[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter came before the court on the continuation of the plaintiff's paternity petition on June 7, 1990. The court at that time, upon its own motion, raised the question of jurisdiction. On June 21, the parties appeared and counsel for the petitioner presented a withdrawal of appearance which was granted by the court. At that time, the court ordered the petitioner to file a brief in support of his petition on or before July 19, 1990 and the respondent to file an answering brief on or before July 26. No brief has been filed by the petitioner and no new appearance for the petitioner has been filed.
The petitioner claims to be the father of a child born to the respondent while the respondent was married to another. The alleged birth date of the child is September 6, 1984. The petitioner alleges that the marriage of the respondent and her husband was dissolved in February, 1989, and that orders for support of the child were entered at that time.
Paternity proceedings are governed by 46b-160 through46b-179 of the General Statutes. The only provision of the statutes providing a petition by a putative father is 46b-172a. That provision of the statutes vests exclusive jurisdiction on a putative father's claim for paternity with the probate court for the district in which either the mother or the child resides. CT Page 1311
Since the exclusive jurisdiction on the claim of the father rests with the probate court, this court, at least at this stage of the proceedings, lacks jurisdiction to entertain the petition. The petition is, therefore, dismissed for lack of jurisdiction.
EDGAR W. BASSICK, III, JUDGE